```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

CARY CHAPIN, BARBARA DOUMA, EMILY     )
BRATTON, JOHN BALDWIN, DEAN BALDWIN,  )
TERRY WITHAM, ANN McCRAVE, CELSO      )
PRINCIPAAL, HARRY EISENER, CYNTHIA    )
SAUERS, ELISA ADAMS, DENISE BARBIER,  )
TRUMAN BARBIER, and JEFFREY McCRAVE,  )
                                      )
            Plaintiffs,               )
                                      )
        v.                            )
                                      )
WHITECAP INVESTMENT CORP. d/b/a       )
PARADISE LUMBER, XYZ CORP., MSI       )
BUILDING SUPPLIES, INC., JOE DOE,     )
JANE DOE,                             )
                                      )
            Defendants.               )   Civil No. 2013-42
                                      )
_____

WHITECAPE INVESTMENT CORP. d/b/a      )
PARADISE LUMBER,                      )
                                      )
            Third-Party Plaintiff,    )
                                      )
        v.                            )
                                      )
PUTNAM LUMBER AND EXPORT COMPANY,     )
PUTNAM FAMILY PROPERTIES, INC., and   )
GREAT SOUTHERN WOOD PRESERVING, INC.  )
                                      )
            Third-Party Defendants.   )
                                      )
                                      )
                                      )
                                      )
                                      )   Civil No. 2013-42
                                      )
_____
```

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 2

**ATTORNEYS:**

**Terri L. Griffiths, Esq.**
Lee J. Rohn and Associates
St. Croix, U.S.V.I.
   *For plaintiffs,*

**Dudley Topper and Feuerzeig, LLP**
St. Thomas, U.S.V.I.
   *For Defendant MSI Building Supplies,*

**Dudley Topper and Feuerzeig, LLP**
St. Thomas, U.S.V.I.
   *For Defendant/Third-Party Plaintiff Whitecap Investment Corp.,*

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, U.S.V.I.
   *For Third-Party Defendant Great Southern Wood Preserving, Inc.*

## ORDER

Before the Court is the motion of the plaintiffs to remand this matter to the Superior Court of the Virgin Islands.

### I. FACTUAL AND PROCEDURAL HISTORY

The plaintiffs in this matter are homeowners whose properties are on St. John. The defendants, Whitecap Investment Corporation d/b/a Paradise Lumber ("Paradise Lumber") and MSI Building Supplies ("MSI"), are corporations incorporated under the laws of the United States Virgin Islands.

On August 13, 2012, the plaintiffs filed a complaint in this matter in the Superior Court of the Virgin Islands ("Superior Court"). That complaint alleged the following

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 3

claims: 1) breach of contract; 2) breach of warranty; 3) negligence; 4) strict product liability; and 5) deceptive trade practices.

Thereafter, on August 31, 2012, Paradise Lumber filed third party claims against Great Southern Wood Preserving, Inc. ("Great Southern"), Putnam Lumber and Export Company, and Putnam Family Properties (collectively "Putnam"). Putnam filed counterclaims against Paradise Lumber. Putnam also filed cross-claims against Great Southern for indemnity and contribution.

On October 16, 2012, the plaintiffs amended their complaint to add additional plaintiffs ("First Amended Complaint").

On March 22, 2013, the plaintiffs filed a motion to amend their First Amended Complaint in the Superior Court. In the proposed amended complaint's caption, there were a number of additional plaintiffs not included in the First Amended Complaint. The proposed amended complaint also included class allegations under Fed. R. Civ. P. 23. The proposed amended complaint alleged that it met the jurisdictional requirements for class actions to be heard in the District Court of the United States Virgin Islands ("District Court"). The statement of jurisdiction set forth the jurisdictional statute for the Superior Court.

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 4

On April 22, 2013, the third-party defendant Great Southern filed a notice of removal with the District Court. The removal was joined by the third-party defendant Putnam on April 24, 2013. The notice of removal alleges that the District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Before the Superior Court could rule on the motion to amend, the plaintiffs withdrew the motion.

On April 25, 2013, the plaintiffs filed this motion to remand the matter to the Superior Court. Great Southern opposes the motion.

## II. DISCUSSION

Defendants may remove any civil action brought in a State or Territorial court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, No. 10-4494, 2011 WL 1468701, at * 1, 2011 U.S. App. LEXIS 7942, at *2 (3d Cir. Apr. 18, 2011) (quoting 28 U.S.C. §§ 1331, 1332(a))

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 5

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The courts are to consider the propriety of removal by looking at the complaint as it stood on the date the defendant removed the case. *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981); *see Sadowski v. Technical Career Institutes, Inc.*, 162 F.3d 1148 (2d Cir. 1998) (unpublished); *Lehmann v. Toys "R" Us, Inc.*, Civ. A. No. 87-4028, 1988 WL 16444, at *1

### III. ANALYSIS

Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v.*

*Arkoma Assoc.*, 494 U.S. 185, 187 (1990). That means "every plaintiff must be of diverse state citizenship from every defendant." *Briscoe,* 448 F.3d at 215.  Where the suit is a class action, the complete diversity rule is relaxed, and the federal courts have jurisdiction so long as any plaintiff is diverse from any defendant and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1453.

In Great Southern's notice of removal, later joined by Putnam, it asserts that this Court has diversity jurisdiction over this matter. Specifically, Great Southern alleges that the operative complaint in the Superior Court alleged diversity sufficient under the Class Action Fairness Act, 28 U.S.C. § 1453, because at least one plaintiff was diverse from at least one defendant.  As the party asserting that federal jurisdiction exists in this case, Great Southern bears the burden of showing that the elements of diversity jurisdiction are met by the operative complaint. *See Frederico*, 507 F.3d at 193.

Thus, the Court must determine which complaint is the operative one for determining if there were grounds for removal. The First Amended Complaint, filed as a matter of right, was filed on October 16, 2012. On March 22, 2013, the plaintiffs filed for leave to amend the First Amended Complaint.  It was after this motion was filed, on April 22, 2013, that Great

Southern filed its notice of removal.  Before the Superior Court could rule on the motion to amend, the plaintiffs withdrew the motion.

Where the originally filed complaint does not state grounds for removal, "a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)("Section 1446").  The issue in this case is whether the service of a motion for leave to amend, along with a proposed amended complaint containing a statutory basis for removal, was sufficient to allow removal where the motion had not been disposed of and where the then-operative complaint did not contain a statutory basis for removal.

The Third Circuit has yet to speak directly to the issue of whether Section 1446 permits removal where a motion for leave to amend has been filed but not granted, and where the proposed amended complaint is the one which states the necessary grounds for removal.  However, the circuit courts that have considered the question have concluded that the predicate for removal does not exist until leave to amend is granted by the local court.  *See, e.g.*, *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir.2008) (concluding the "better view ... is that

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 8

the time limit [to remove] begins to run from the actual and effective amendment of the complaint"); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)("Until the state judge granted the motion to amend .... the complaint did not state a federal claim.")

    The rule articulated by the Sixth and Seventh Circuits is sensible. Allowing removal prior to the Superior Court's ruling on a motion for leave to amend ignores the Superior Court's prerogative to deny such a motion. The Court is not inclined to undermine that authority. Accordingly, the Court holds that a proposed amended complaint does not become operative for removal purposes until the Superior Court grants leave to amend.

    In the instant case, the plaintiffs' motion for leave to amend that complaint had not yet been granted, and it cannot be granted now that it has been withdrawn. Therefore, the operative complaint at the time the third-party defendants filed their notice of removal was the First Amended Complaint. The First Amended Complaint did not contain any class action allegations, and thus the minimal diversity rule of 28 U.S.C. § 1453 was not triggered. *See* 28 U.S.C. § 1453.

    The First Amended Complaint named plaintiffs who are residents of the Virgin Islands and defendants who are incorporated in, and therefore residents of, the Virgin Islands.

*Chapin et al. v. Whitecap Inv. Corp. et al.*
Civ. No. 2013-42
Order
Page 9

See 28 U.S.C. 1332 ("[A] corporation shall be deemed to be a citizen of ever State . . . by which it has been incorporated . . . .")  Therefore, there was not complete diversity in the First Amended Complaint. *See In re Briscoe*, 448 F.3d  at 215 (stating that complete diversity requires every plaintiff be diverse from every defendant). Without complete diversity this case cannot fall within the diversity jurisdiction of this Court.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)(holding that the diversity statute requires complete diversity of citizenship).

    The premises considered, it is hereby

    **ORDERED** that the plaintiffs' motion to **REMAND** is **GRANTED.**

                                                  S\_____
                                                    **CURTIS V. GÓMEZ**
                                                    **District Judge**